UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NICHOLE SMITH,**

        **Plaintiff,**

    **v.**                          **Civil Action 2:20-cv-342**
                                          **Judge Sarah D. Morrison**
                                          **Magistrate Judge Chelsey M. Vascura**

**EQUIFAX INFORMATION SYSTEMS,
LLC, *et al.*,**

        **Defendants.**

## REPORT AND RECOMMENDATION

On August 19, 2020, Plaintiff's counsel appeared for a scheduled damages hearing, but Plaintiff did not.  Plaintiff was ordered to show cause why she failed to appear at the damages hearing within fourteen days.  (ECF No. 15.)  Plaintiff was further cautioned that "failure to respond to this Show Cause Order could result in sanctions, including the sanction of dismissal of this action without prejudice for failure to prosecute."  (*Id.*)  To date, Plaintiff has failed to respond in any way to the Show Cause Order.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action without prejudice pursuant to Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b); *Link v. Walbash R.R.*

*Co.*, 370 U.S. 626, 629–31 (1962).  "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'"  *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"  *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to appear at the damages hearing and failed to comply with the Court's Show Cause Order.  (*See* ECF No. 15.)  Moreover, the Court explicitly cautioned Plaintiff in the Show Cause Order that failure to comply could result in dismissal of this action for failure to prosecute pursuant to Rule 41(b).  *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate).  Plaintiff's failure to timely comply with the clear order of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct.  *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").  Because Plaintiff

has missed this deadline and disregarded the Court's Show Cause Order, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

Typically, dismissal as a sanction for failing to prosecute is with prejudice. Fed. R. Civ. P. 41(b). Given the procedural status of this case, however, the undersigned finds dismissal without prejudice to be the appropriate sanction. Namely, at the damages hearing, Plaintiff's counsel indicated that despite numerous attempts, he had been unable to make contact with Plaintiff since *before* filing the Complaint in January 2020. Moreover, Defendants did not respond to Plaintiff's Complaint and have not otherwise appeared in this action. Plaintiff's counsel has also filed a motion to withdraw as counsel, stating that Plaintiff had not responded to his repeated attempts to communicate with her. (ECF No. 16.) Because neither Plaintiff nor Defendants have actively participated in this litigation, dismissal without prejudice is the appropriate sanction.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITHOUT PREJUDICE** under Rule 41(b). It is further **RECOMMENDED** that the Court order Plaintiff to list 2:20-cv-342 as a related case if she re-files this action.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE